UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Michael R. Wheatley, Sr.,                                          Case No. 17-cv-388

        Plaintiff

   v.                                                                    MEMORANDUM OPINION

American Family Insurance, et al.,

        Defendants

Plaintiff Michael R. Wheatley, Sr. filed suit in state court against several Defendants including Defendant Ocwen Loan Servicing, LLC. (Doc. No. 1-1). Wheatley's claims arise from two separate events: (1) theft of his vehicle in May 2016; and (2) fire damage to his home in June 2016. *Id.* As mortgagee of Wheatley's home, only claims relating to the house fire were asserted against Ocwen. *Id.* at 8-12. Ocwen moved to sever the parties and claims under Rules 20 and 21. (Doc. No. 4). Wheatley does not oppose the motion.

Under Rule 20 (a)(2):

Persons…may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). If the persons may not be joined as defendants under Rule 20(a)(2), the court may "add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21.

Here, Wheatley's claims regarding the house fire were asserted only against Ocwen. The remaining claims asserted against other defendants arise from a completely separate incident that occurred a month prior to the house fire. Wheatley has failed to establish any legal or factual commonality shared among Ocwen and the other Defendants which would arise during the course

of the action.  In fact, the complaint itself is divided into "Complaint Against American Family Insurance" and "Complaint Against Ocwen Loan Servicing LLC."  (Doc. No. 1-1).  Each section is legally and factually independent of the other.

Because the requirements of Rule 20(a)(2) are not met, Ocwen may not be joined in the action with the other Defendants.  Ocwen's unopposed motion to sever the parties and claims is granted in accordance with Rule 21.  (Doc. No. 4).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge